# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

THOMAS LEHMANN,

    Plaintiff,

v.                                                                                                        No. 19-cv-0530 KRS/SMV

PATTERSON-UTI,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court sua sponte, following its review of the Notice of Removal [Doc. 1], filed by Defendant on June 7, 2019. The Court has a duty to determine sua sponte whether subject-matter jurisdiction exists. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). The Court, having considered the Notice of Removal, the applicable law, and being otherwise fully advised in the premises, concludes that the Notice fails to allege the necessary facts of citizenship in order to sustain diversity jurisdiction. Therefore, the Court will order Defendant to file an amended notice of removal no later than **July 10, 2019**, if the necessary jurisdictional allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure.

## Background

On June 7, 2019, Defendant filed its Notice of Removal under 28 U.S.C. § 1332. [Doc. 1] at 1–6. The Notice asserts that there is complete diversity between Plaintiff and Defendant and that the amount in controversy exceeds $75,000.[1] *Id.* at 5. In support of its claim of diversity of

---

[1] Some of Defendant's language could be interpreted as failing to satisfy the amount in controversy. For example, Defendant asserts that Plaintiff's "claims satisfy the $75,000 jurisdictional limit." [Doc. 1] at 2. Defendant also

citizenship, Defendant alleges that Plaintiff is a citizen of New Mexico. *Id.* at 3. Further, as to its own citizenship, Defendant alleges that "Patterson–UTI Drilling Company LLC is organized under the laws of Texas, and its principal place of business is in Texas." *Id.* Defendant makes no allegation about the citizenship of its members. *See id.*

## **Legal Standards**

The federal statute providing for the removal of cases from state to federal court was intended to restrict rather than enlarge removal rights. *Greenshields v. Warren Petroleum Corp.*, 248 F.2d 61, 65 (10th Cir. 1957). Federal courts, therefore, are to strictly construe the removal statutes and to resolve all doubts against removal. *Fajen v. Found. Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982). The removing party bears the burden of establishing the requirements for federal jurisdiction. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

District courts have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. 28 U.S.C. § 1332(a) (2018). When a plaintiff files a civil action in state court over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant may remove the action to federal court, provided that no defendant is a citizen of the State in which such action is brought. *See* 28 U.S.C. § 1441(a), (b). Jurisdiction

---

alleges that Plaintiff's "prayer for relief for damages is enough to satisfy the $75,000 jurisdictional requirement." *Id.* at 5. Of course, the jurisdictional amount is a threshold, not a limit, and the amount in controversy must exceed $75,000. The requirement is for at least $75,000 and one penny; $75,000 is not enough. *Freeland v. Liberty Mut. Fire Ins. Co.*, 632 F.3d 250, 252–53 (6th Cir. 2011) (vacating the district court's judgment for lack of jurisdiction because the amount in controversy was only $75,000, "one penny short of the jurisdictional bar that Congress has set"). Other language by Defendant, however, is explicit. For example, Defendant alleges that "Plaintiff has put more than $75,000 in controversy." *Id.* at 5. If Defendant elects to amend its Notice of Removal, care should be taken to remove any ambiguity about the amount in controversy.

under § 1332 requires diversity of *citizenship*. The party asserting jurisdiction must plead citizenship distinctly and affirmatively; allegations of residence are not enough. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). Domicile, the equivalent of state citizenship, requires more than mere residence; domicile exists only when residence is coupled with an intention to remain in the state indefinitely. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).

Determining the citizenship of a limited liability company is different from determining the citizenship of a corporation under § 1332. A corporation is deemed to be a citizen of the state in which it is incorporated and in which it maintains its principal place of business. *See* § 1332(c). Limited liability companies, however, are treated as partnerships for citizenship purposes and are, therefore, citizens of each and every state in which any member is a citizen. *Siloam Springs*, 781 F.3d at 1234.

## Discussion

Here, the facts set forth in the Notice of Removal [Doc. 1] do not sufficiently establish the citizenship of Defendant. The Notice of Removal alleges that Defendant was organized under the laws of Texas and has its principal place of business in Texas, *id.* at 3, but those facts are inadequate because Defendant is a limited liability company rather than a corporation. The Court will give Defendant the opportunity to file an amended notice of removal to properly allege the citizenship each and every one of its members.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendant amend the Notice of Removal to properly allege diversity of citizenship, if such allegations can be

made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than **July 10, 2019**.

**IT IS FURTHER ORDERED** that if such an amended notice is not filed by **July 10, 2019**, the Court may dismiss this action without prejudice.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**